REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
We are responding to your letter dated March 2, 1981, in which you request our opinion regarding the constitutionality of section 14 of that bill as well as the effect of that section upon existing reclamation law. You specifically ask several questions which we will answer below.
Section 14 of LB 508 reads as follows:
 A qualified elector of the district for purposes of the elections held pursuant to section 46-530 for determining board members and section 46-541 for continuance of the district, shall include those persons or public corporations on whose land works are or are projected to be built. Such person or public corporation shall have one vote per acre or less of land on which the works are or shall be located.
You first ask whether this section restricts voters in reclamation districts to only landowners on whose land project facilities are located. The term `qualified voter' is ambiguous as written. As we read this definition, qualified voter could be interpreted to include multiple owners of land as well as lessees, mortgagors and anyone with an interest in the land. One piece of land could, thus, yield innumerable qualified electors. As it is written, it could also include the public corporation as a separate voter not only for its land but land which is within its jurisdiction. This is not clear.
The term does limit qualified voters to those who have an interest in land upon which the works will be or are located. `Works' are defined in Neb.Rev.Stat. § 46-507 (Reissue 1978) as including all the reservoirs, canals, pipelines, tunnels, transmission lines, drainage canals and facilities and improvements necessary or convenient for the supplying of water and power. The definition would exclude others whose land is within the district yet is not crossed by works of the district. Therefore, the definition would clearly exclude persons who have an interest in land in the district yet whose land is not crossed by these works.
The reading of this section with Neb.Rev.Stat. § 46-530
(Reissue 1978) would include as a qualified voter, any qualified voter of any municipality whether or not the works crossed the property of that voter if that municipality is located within the territory composing the district.
You next ask whether it excludes other project participants and communities from being able to be in reclamation districts. We do not see any automatic exclusion of other participants or communities from being able to become a part of the reclamation district.
You next ask whether it excludes other participants or communities from being able to vote on formation of districts and on directors. From our reading of this definition of qualified elector, it does appear to exclude others than those whose lands are crossed by the works and land holders in municipalities from voting on district affairs.
You ask whether every member of a public corporation would have one vote per acre of less of land held by a corporation in a district. We do conclude that every qualified elector of a public corporation or municipality would have a separate vote for each acre or less held by him or her. Nowhere is there a limit of those voting to one for each acre. The definition seems to include anyone having an interest in that particular acre. It would also appear that the public corporation may vote as well upon land within its jurisdiction although this is not clear.
We conclude that the definition is so vague and ambiguous as to not be susceptible of clear interpretation and therefore would probably not sustain a constitutional challenge.
Further we conclude that a challenge may also be successful on the ground that there is no rational basis for the different treatment of persons similarly situated. Persons living in a municipality would have the right to vote even though the district works was not located on their land, whereas those outside a municipality would have no such vote.
You ask the effects of this legislation upon the formation of reclamation districts in the future. This is purely supposition. We can envision that property owners who would be denied a vote in the operation of the district and imposition of taxes upon them may not wish to be included in such a district. We hope we have answered your questions.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General